Babak Semnar, Esq. (#224890)
Semnar Law Firm, Inc.
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Jared M. Hartman, Esq. (#254860)
Hartman Law Office, Inc.
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 234-0881; Fax: (888) 819-8230

Attorneys for Plaintiff
LOUISE MELENDEZ

# U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION

| | |
|---|---|
| LOUISE MELENDEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HUNT & HENRIQUES, a California law partnership; CITIBANK (SOUTH DAKOTA), a national association; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br>2. **CALIFORNIA ROSENTHAL ACT** |

Plaintiff, LOUISE MELENDEZ, an individual, by and through her attorneys of record, hereby complains and alleges as follows:

## **INTRODUCTION**

1. Plaintiff, by and through her attorneys of record, bring this action to secure

1
**COMPLAINT**

redress from unlawful debt collection practices engaged in by Defendant HUNT & HENRIQUES (hereinafter "Defendant H&H") and Defendant CITIBANK, N.A. (hereinafter "Defendant CITIBANK") in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA"), and the State of California Rosenthal Act, Calif. Civ. Code §§ 1788-1788.32 (hereinafter "Rosenthal Act").

2. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

3. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss

of jobs, and to invasions of individual privacy.

Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

4. This action arises out of Defendant H&H's and Defendant CITIBANK's violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p.

5. Because Defendant H&H conducts business within the State of California, and is physically located at 151 Bernal Road, Suite 8, in the City of San Jose, State of California, personal jurisdiction is established.

6. Because Defendant CITIBANK conducts business within the State of California by entering into lines of credit with California residents and pursuing lawsuits against their own customers within the Superior Courts for the State of

1  California, but is physically located at 701 East 60th St N, in the City of Sioux Falls,

2  State of South Dakota, personal jurisdiction is established.

3        7.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 because

4  Plaintiff resides in the City of Palm Springs, County of Riverside, which is within this

5  judicial district, and because witnesses reside herein.

## PARTIES & DEFINITIONS

7        8.      Plaintiff, as a natural person allegedly obligated to pay a consumer debt to

8  Defendant, alleged to have been due and owing, is therefore both a "consumer" as that

9  term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor"

10  as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

11        9.      Defendant H&H has alleged that Plaintiff owes them money that they are

12  allegedly collecting on behalf of Defendant CITIBANK that originated from a line of

13  credit granted by Defendant CITIBANK to Plaintiff, which Plaintiff utilized for

14  personal living expenses.  Plaintiff is therefore informed and believes that the money

15  alleged to have been owed to Defendants originated from monetary credit that was

16  extended primarily for personal, family, or household purposes, and is therefore a

17  "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and Calif. Civil

18  Code § 1788.2(d) of the Rosenthal Act.

19        10.      Upon information and belief, Defendants were attempting to collect on a

20  debt that originated from a line of credit that was extended primarily for personal,

21  family, or household purposes, and was therefore a "consumer credit transaction"

1   within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act.

2   11.  Because Plaintiff, a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

3   12.  Plaintiff is informed and believes that Defendants H&H and CITIBANK utilize the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, and they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due, and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and they thereby engage in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and are also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

**FACTUAL ALLEGATIONS**

13.  Plaintiff is informed and believes that, on March 3, 2009, Defendant H&H filed a lawsuit on behalf of Defendant CITIBANK against Plaintiff in the County of San Bernardino Superior Court, under case number CIVDS902839.

14.  Defendants' complaint against Plaintiff sought judgment in the amount of $13,774.30 plus attorneys' fees, but did not seek pre-judgment interest.

15.  Plaintiff is informed and believes that this lawsuit arose out of a debt that

Plaintiff allegedly incurred for a CITIBANK credit card that she allegedly defaulted upon, and Plaintiff utilized that card strictly for personal and household living expenses.

16. Plaintiff is informed and believes that Defendant H&H—on behalf of, at the direction of, and in association with Defendant CITIBANK—filed a proof of service with the Superior Court on April 20, 2009, alleging that the process server retained by Defendant H&H spoke to someone identified as "Ray Melendez" on April 18, 2009 at an address on Meyers Road in the City of San Bernardino.

17. Plaintiff is informed and believes that Defendant H&H—on behalf of, at the direction of, and in association with Defendant CITIBANK—filed a declaration of mailing of the complaint and summons to Plaintiff at the Meyers Road address on April 20, 2009.

18. Defendants' proof of service and declaration of mailing do not indicate that copies of the complaint and summons were left with a mentally competent adult at the Meyers Road residence that Defendants purport to be Plaintiff's residence.

19. Plaintiff can provide documentary proof from that as of January 8, 2009 she resided in the City of Crestline at the time that Defendants claim to have completed service at the Meyers Road address in the City of San Bernardino.

20. The Meyers Road address was subjected to a foreclosure in January of 2009, and the home was vacant until June of 2009 with no-one residing therein until June of 2009.

21. Plaintiff has absolutely no idea who "Ray Melendez" is, and is informed

1 and believes that the claim of someone named "Ray Melendez" speaking to the process
2 server is fraudulent just so Defendants could claim to have completed service in order
3 to obtain default judgment against Plaintiff.

4     22. Even if "Ray Melendez" was a real person and actually spoke to the
5 process server on April 18, 2009, there can be no truthful claim that this Meyers Road
6 address was Plaintiff's "usual mailing address", because the proof of service does not
7 indicate that "Ray Melendez" made any such claim to the process server and also
8 because Plaintiff had already moved to the City of Crestline as of January 2009.

9     23. As of January 2009, Plaintiff's usual mailing address was in the City of
10 Crestline.

11     24. California law requires substitute service be accomplished by leaving a
12 copy of the summons and complaint "at the person's dwelling house, usual place of
13 abode, usual place of business, or usual mailing address other than a United States
14 Postal Service post office box". Calif. Code Civ. Pro. § 415.20(b).

15     25. Under California law, a law firm that retains a process server is
16 "necessarily charged with notice of the acts and declarations of his agent". Bishop v.
17 Silva (1991) 234 Cal. App. 3d 1317, 1322 (*quoting* Ippolito v. Municipal Court (1977)
18 67 Cal. App. 3d 682, 687).

19     26. Therefore, Defendants knew that Plaintiff had not been properly served
20 with the complaint and summons because they knew the process server did not leave a
21 copy of the complaint and summons with a competent adult at the Meyers Road address

1 and because they knew the process server did not obtain any information as to the
2 Meyers Road address being Plaintiff's usual place of mailing.

3     27. Furthermore, Defendant H&H is a law firm that exclusively handles debt
4 collection matters—including the filing of lawsuits against consumer debtors in a mill
5 fashion—and therefore could have easily obtained Plaintiff's actual address had they
6 simply conducted such a simple task as skiptracing.

7     28. When Plaintiff and her husband moved in January 2009, they updated their
8 change of address with the postal service, the State of California Department of Motor
9 Vehicles, and the State of California and Federal Department of Treasury for tax
10 reporting purposes.

11     29. Plaintiff is informed and believes that on December 9, 2009, Defendants
12 obtained an abstract of judgment against Plaintiff in the amount of $14,159.30, after
13 obtaining default judgment on October 26, 2009.

14     30. Plaintiff first discovered this lawsuit on or about August 5, 2014 when she
15 was informed by her bank that she had been charged a non-refundable fee for the bank
16 being served with a Notice of Levy under Writ of Execution by Defendants on August
17 3, 2014.

18     31. Because Defendants waited almost five years to take any action
19 whatsoever upon the abstract of judgment that they obtained in December of 2009, the
20 writ of execution levied upon Plaintiff's bank account is for the amount of $20,748.52.

21     32. As a result of the Notice of Levy, Plaintiff's entire bank account was

1 frozen by the bank and Plaintiff was thereby deprived of any access to any finances to
2 pay for ordinary living expenses such as groceries, gas, rent, utilities, and car payments.

3     33.    On August 15, 2014, Plaintiff filed with the Superior Court a claim of
4 exemption in order to have funds accessible to her for ordinary living expenses.

5     34.    Thereafter, on August 26, 2014, Defendants filed an opposition to the
6 claim of exemption and claimed the amounts that she needs available for food and
7 transportation are excessive, despite the fact that Defendants have absolutely no basis
8 for claiming she should not be able to spend her own finances on food and
9 transportation.

10     35.    Upon information and belief, at all times relevant herein, Defendant H&H
11 was acting on behalf of, at the direction of, and in association with Defendant
12 CITIBANK, and therefore Defendant CITIBANK is liable for violations committed by
13 Defendant H&H through vicarious liability.

14     36.    Moreover, an attorney's violations of the FDCPA arising out of a lawsuit
15 filed against a debtor are imputed as vicarious liability to the client on whose behalf the
16 attorney filed the lawsuit. *See Fox v. Citicorp Credit Services (9th Cir. 1993) 15 F.3d*
17 *1507, 1516* ("[W]e must conclude that Congress intended the actions of an attorney to
18 be imputed to the client on whose behalf they are taken").

19     37.    As a result of Defendant's unfair, oppressive, and abusive conduct in
20 connection with their debt collection activity by issuing a writ of execution of monetary
21 judgment against Plaintiff's bank on August 3, 2014 in the amount of $20,748.52,

1  which caused Plaintiff's account to be frozen and thereby depriving her of access to any

2  finances for any ordinary living expenses, despite the fact that they knew Plaintiff had

3  not been properly served with process, Plaintiff has suffered mental anguish by way of

4  embarrassment, shame, anxiety, fear, and feelings of despair.

5        38.    At all times during the aforementioned actions, there was in full force and

6  effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to

7  15 U.S.C. § 1692d:

8  > A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in
9  > connection with the collection of a debt.

10        39.    At all times during the aforementioned actions, there was in full force and

11  effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to

12  15 U.S.C. § 1692f:

13  > A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

14

15        40.    At all times during the aforementioned actions, there was in full force and

16  effect the following obligation for a debt collector in connection with the collection of

17  any debt, pertaining to pursuant to California Civil Code § 1788.17 of the Rosenthal

18  Act, requiring all debt collectors to be responsible for and liable for all requirements

19  contained with the Federal FDCPA, exceptions of which are not applicable:

20  > Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt
21  > shall comply with the provisions of Sections 1692b to 1692j,

10
**COMPLAINT**

inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

41. At all times during the aforementioned actions, there existed the following prohibition upon debt collectors for pursuing legal actions with knowledge that service of process has not been legally effected, pursuant to Calif. Civ. Code §1788.15(a):

(a) No debt collector shall collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF FDCPA)**
**(As against both Defendants)**
**15 U.S.C. §§ 1692-1692p**

42. Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs, as though set forth fully herein.

43. By issuing a writ of execution for monetary judgment against Plaintiff's bank on August 3, 2014 in the amount of $20,748.52, which caused Plaintiff's account to be frozen and thereby depriving her of access to any finances for any ordinary living expenses, despite the fact that they knew or should have known that Plaintiff had not been properly served with process, Defendants have acted with unfairness, unconscionable means, oppression, and abuse towards Plaintiff and have therefore violated 15 U.S.C. §§ 1692d & 1692f of the FDCPA.

11
**COMPLAINT**

44. By filing an opposition on August 26, 2014 to Plaintiff's request for exemption that includes an allegation that Plaintiff's requested amounts for food and transportation are excessive, despite the fact that Defendants know or should know that Plaintiff had not been properly served with process, Defendants have acted with unfairness, unconscionable means, oppression, and abuse towards Plaintiff and have therefore violated 15 U.S.C. §§ 1692d & 1692f of the FDCPA.

45. At all times relevant to violations described above, the FDCPA has been ruled as creating strict liability and intent is only relevant for a determination of damages. *See* Clark v. Capital Credit & Collections Services, Inc. (9th Cir. 2006) 460 F.3d 1162, 1176.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF ROSENTHAL ACT)
### (As against both Defendants)
### CAL. CIV. CODE §§ 1788-1788.32

46. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

47. By violating 15 U.S.C. §§ 1692d & 1692f of the FDCPA, Defendants have also therefore necessarily violated the Rosenthal Act as those FDCPA violations have been incorporated into the Rosenthal Act by way of Calif. Civil Code § 1788.17.

48. Moreover, by issuing a writ of execution for monetary judgment on August 3, 2014 upon Plaintiff's bank account despite knowing that Plaintiff had not been properly served with the summons and complaint, Defendants have therefore violated

1  Calif. Civ. Code §1788.15(a) of the Rosenthal Act.

2      49.    Moreover, by filing on August 26, 2014 an opposition to Plaintiff's request
3  for exemption despite knowing that Plaintiff had not been properly served with the
4  summons and complaint, Defendants have therefore violated Calif. Civ. Code
5  §1788.15(a) of the Rosenthal Act.

6  <center>**PRAYER FOR RELIEF**</center>

7      WHEREFORE, Plaintiff prays that judgment be entered against each and every
8  Defendant and Plaintiff be awarded damages from each and every Defendant jointly
9  and severally as follows:

10 • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §
11    1692k(a)(2)(A) of the FDCPA, and

12 • An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the
13    FDCPA, and

14 • An award of costs of litigation and reasonable attorney's fees, pursuant to
15    15 U.S.C. § 1692k(a)(3) of the FDCPA, and

16 • An award of actual damages pursuant to California Civil Code § 1788.30(a)
17    of the Rosenthal Act, which are cumulative and in addition to all other
18    remedies provided for in any other cause of action pursuant to California
19    Civil Code § 1788.32, and

20

21

<center>13
**COMPLAINT**</center>

1     •     An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) of the Rosenthal Act, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32, and

•     An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA, as incorporated into the Rosenthal Act by way of Calif. Civ. Code §1788.17, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32, and

•     An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c) of the Rosenthal Act.

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 30, 2014         Respectfully submitted,

                          HARTMAN LAW OFFICE, INC.

                          By:   /s/ Jared M Hartman
                                Jared M. Hartman, Esq.
                                Attorney for Plaintiff